James M. ELWOOD, Petitioner,

v.

The Honorable John F. LEHMAN, Jr.,
Secretary of the Navy, et al.,
Respondents.

Kenneth R. AMIDON, Petitioner,

v.

The Honorable John F. LEHMAN, Jr.,
Secretary of the Navy, et al.,
Respondents.

Donald H. LAJOIE, Petitioner,

v.

The Honorable Caspar W. WEINBER-
GER, Secretary of Defense, et
al., Respondents.

Civ. A. Nos. 81–270–A, 81–394–A
and 81–365–A.

United States District Court,
E. D. Virginia,
Alexandria Division.

Nov. 10, 1981.

Ronald L. Bub, Annandale, Va., for petitioners.

George Williams, Asst. U. S. Atty., Alexandria, Va., for respondents.

## MEMORANDUM OPINION

RICHARD L. WILLIAMS, District Judge.

This matter comes before the court on the petitioners' joint motion for a stay pending appeal. *See* Fed.R.App.P. 8. The petitioners ask the court to enjoin the respondents from making any agreements to return the petitioners to Spain. They request, in the alternative, that the court vacate its consent orders of August 31, 1981. These orders preserve the military status of petitioners Amidon and LaJoie pending appeal. For the reasons stated below, the court denies the petitioners' motions.

On February 15, 1980, Duane C. Griffith, a member of the United States Navy, was murdered in Rota, Spain. James M. Elwood, Kenneth R. Amidon, and Donald H. LaJoie were charged with the crime. The United States has primary jurisdiction over such offenses. *See* Agreement in Implementation of the Treaty of Friendship and Cooperation of January 24, 1976, January 31, 1976, United States-Spain, art. XV, 27 U.S.T. 3095, T.I.A.S. No. 8361 [hereinafter cited as 1976 Agreement in Implementation]. The United States exercised this jurisdiction. It, however, terminated the courts-martial of the accused without reaching the merits, because of a failure to meet the speedy trial requirements of the Uniform Code of Military Justice. *See* 10 U.S.C. § 810 (1976).

After the conclusion of these proceedings, the United States urged Spain to exercise its concurrent and secondary right to jurisdiction. *See* 1976 Agreement in Implementation, *supra*, art. XV. Before the Spanish authorities could make a decision, the three accused sought habeas corpus relief in this court. The United States Navy, under court order, returned the petitioners to this country for the purposes of the habeas proceedings. In the case of Amidon and LaJoie, the court held that their enlistments had expired at a time when there was insufficient evidence to establish that Spain was going to exercise its secondary jurisdiction. The court entered two consent orders preserving the military status of Amidon and LaJoie pending appeal by the United States. In a separate proceeding, the court ruled that Elwood is lawfully on active duty until February, 1982. Elwood has appealed this decision. The United States has agreed informally to provide five days' notice to this court and to Elwood's counsel before removing Elwood from the country.

The petitioners allege that the United States is in the process of reaching an agreement with Spain to return the petitioners if the United States ultimately prevails in the current litigation. They argue that the court ought to enjoin the United States from making any such commitment, because the case meets the four requirements for a stay pending appeal. *See Long v. Robinson*, 432 F.2d 977 (4th Cir. 1970). Amidon and LaJoie argue, in the alternative, that the court should vacate the two prior orders to which they consented. They base this assertion on the ground that they would not have agreed to the orders if they had known that the United States was going to continue negotiations with Spain.

■ The court refuses to grant a stay pending appeal for two reasons. First, the court does not have the power to prevent the executive branch from entering into an agreement with a foreign country. The conduct of foreign relations is committed solely to the President and Congress. *See Oetjen v. Central Leather Co.*, 246 U.S. 297, 302, 38 S.Ct. 309, 310, 62 L.Ed. 726 (1918). The exercise of foreign policy, therefore, is seldom subject to judicial review. *See id.* In the negotiation of international agreements, "the President alone has the power to speak or listen as a representative of the nation." *United States v. Curtiss-Wright Export Corp.*, 299 U.S. 304, 319, 57 S.Ct. 216, 220, 81 L.Ed. 255 (1936). Thus, the court will not interfere with the process of reaching an accord with Spain relating to the custody of the petitioners.

■ The court's second ground for denying the stay is that the petitioners have failed to establish that an agreement between the United States and Spain will cause them irreparable harm. The negotiation of international compacts is the exclusive bailiwick of the executive branch. The enforcement of such compacts, however, is subject to judicial scrutiny on constitutional and statutory grounds. *See Wilson v. Girard*, 354 U.S. 524, 530, 77 S.Ct. 1409, 1412, 1 L.Ed. 1544 (1957); *Reid v. Covert*, 354 U.S. 1, 16–17, 77 S.Ct. 1222, 1230–1231, 1 L.Ed.2d 1148 (1957); *United States v. Curtiss-*

*Wright Export Corp.*, 299 U.S. 304, 320, 57 S.Ct. 216, 221, 81 L.Ed. 255 (1936); *Holmes v. Laird*, 459 F.2d 1211, 1217 (D.C.Cir.), *cert. denied*, 409 U.S. 869, 93 S.Ct. 197, 34 L.Ed.2d 120 (1972); *United States* ex rel. *Martinez-Angosto v. Mason*, 344 F.2d 673, 680–81 (2d Cir. 1965). The petitioners, therefore, will have an opportunity to raise their objections to any agreement with Spain if and when the United States attempts to enforce it. As a consequence, the mere formation of an international compact will not result in irreparable harm to the petitioners.

■ The court also declines to vacate its consent orders of August 31, 1981. Amidon and LaJoie do not allege that the United States has violated any of the conditions imposed by the orders. In addition, the court does not believe that permitting the orders to continue in effect will result in any prejudice to the petitioners. They will be able to contest the validity of any agreement with Spain when the United States attempts enforcement. The mere assertion that Amidon and LaJoie would not have consented to the orders if they had known the government's intentions is not sufficient to justify vacation of the orders. Thus, the court denies both motions made by the petitioners.